**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CAROLINA WINDMULLER,<br><br>        Plaintiff,<br><br>    v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 26-cv-00486<br><br>**Judge Manish S. Shah** |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff CAROLINA WINDMULLER ("Windmuller" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Windmuller having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

Windmuller having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that, by virtue of their default, Defaulting Defendants have sold products using infringing versions of Windmuller's federally registered copyright, which is protected by United States Copyright Registration No. VA 2-453-873 (the "Carolina Windmuller Work").

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Windmuller's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Carolina Windmuller Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Carolina Windmuller product or not authorized by Windmuller to be sold in connection with the Carolina Windmuller Work;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Carolina Windmuller product or any other product produced by Windmuller, that is not Windmuller's or not produced under the authorization, control, or supervision of Windmuller and approved by Windmuller for sale under the Carolina Windmuller Work;

2

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Windmuller, or are sponsored by, approved by, or otherwise connected with Windmuller; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Windmuller, nor authorized by Windmuller to be sold or offered for sale, and which bear any of Windmuller's registered copyright, including the Carolina Windmuller Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu LLC ("Temu"), and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, or exercising control over the Defendant Internet Stores, or any other online marketplace account to sell infringing goods using the Carolina Windmuller Work; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Carolina Windmuller Work or any reproductions, infringing copies, or colorable imitations

3

thereof that is not a genuine Carolina Windmuller product or not authorized by Windmuller to be sold in connection with the Carolina Windmuller Work.

3. Upon Windmuller's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall, within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Carolina Windmuller Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Windmuller is awarded statutory damages from each of the Defaulting Defendants in the amount of twelve thousand, five-hundred dollars ($12,500) for willful use of infringing Carolina Windmuller Work on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, Temu, and Walmart shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, Temu, and Walmart are hereby released to Windmuller as partial payment of the above-identified damages, and Third Party Providers, including Amazon, Temu, and Walmart are ordered to release to Windmuller the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Windmuller has recovered full payment of monies owed to it by any Defaulting Defendant, Windmuller shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Windmuller identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Windmuller may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at and any e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Final Judgment.

Dated: March 10, 2026

Manish S. Shah
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|:---:|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | Povielle |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | QiangXing store |
| 14 | |
| 15 | FEIFLY |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | Bridster |